**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16cv29-FDW**

| | |
|---|---|
| TERRENCE JAVARR ROSS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MIKE SLAGLE, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Terrence Javarr Ross's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc No. 1.) Also before the Court is Respondent's Motion to Dismiss. (Doc. No. 5.)

**I. BACKGROUND[1]**

Petitioner is a prisoner of the State of North Carolina, who, on June 19, 2009, was found guilty by a Cleveland County Superior Court jury of one count of selling cocaine and one count of possession with intent to sell and deliver cocaine (collectively, case number 08 CRS 0738), as well as having attained the status of an habitual felon (case number 08 CRS3582).[2] The trial court sentenced Petitioner to 133 to 169 months imprisonment.

The North Carolina Court of Appeals upheld this judgment. State v. Ross, No. COA l0-354, 2011 N.C. App. LEXIS 118 (N.C. Ct. App. filed January 4, 2011). Petitioner did not seek

---

[1] A more complete recitation of the background and procedural history of the instant action may be found at Ross v. Slagle, 1:15-cv-254-FDW (W.D.N.C. closed Aug. 22, 2016).

[2] Petitioner lists different case numbers for his habitual felon charge – "08 CRS 3585" and "08 CRS 3582." The latter case number is the one at issue here, whereas 08 CRS 3585 was a separate habitual felon charge connected to charges of attempting to bribe a juror. See State v. Ross, 727 S.E.2d 370, 371-72 (N.C. Ct. App. 2012).

1

further review in the North Carolina Supreme Court. Nor did he seek post-conviction relief for these judgments by way of a Motion for Appropriate Relief in the state trial court.[3]

Petitioner filed a § 2254 habeas Petition in this Court on November 17, 2015. See Ross v. Slagle, 1:15-cv-254-FDW (W.D.N.C.), Doc. No. 1. In it, he challenged judgments incurred on February 15, 2006 (Grounds One and Three) and his habitual felon status and enhanced sentence imposed on June 19, 2009 (Ground Two). The Court entered an Order notifying Petitioner that he could not challenge both his 2006 and 2009 judgments in the same habeas petition, and directing Petitioner to file a separate § 2254 habeas petition, if he wished to challenge the 2009 judgments. See id. at Doc. No. 2.

In response, Petitioner made a duplicate of his November 17, 2015 Petition, signed it, and mailed it to the Clerk of this Court, who received and filed it on January 13, 2016, as a separate civil action. (1:16cv29, Doc. No. 1.) The Court conducted an initial review of Petitioner's other § 2254 habeas Petition, which challenged his 2006 judgments, and dismissed it on jurisdictional grounds. See 1:15-cv-254-FDW at Doc. No. 6.

In this action, the Court directed Respondent to file an answer, motion or other response to Petitioner's challenge to his 2009 judgments. (1:16cv29, Doc. No. 4.) Respondent filed a Motion to Dismiss and Memorandum of Support, in which argues that the Petition should be dismissed pursuant to the Supreme Court's holding in Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001), as time-barred under 28 U.S.C. § 2244(d)(1), and/or as unexhausted under 28 U.S.C. § 2254(b)(1)(A). (1:16cv29, Doc. Nos. 5, 6.) Petitioner was given an opportunity to respond to the Motion to Dismiss and did so on Oct. 21, 2016. (1:16cv29, Doc.

---

[3] Petitioner filed a Motion for Appropriate Relief ("MAR") in Cleveland County Superior Court on February 10, 2015, but he only challenged judgments incurred on February 15, 2006. (MAR, Resp't's Ex. 5, Doc. No. 6.)

2

No. 8.)

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for § 2254 petitions. 28 U.S.C. § 2244(d)(1). A § 2254 petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).[4] The limitations period is tolled during the pendency of a properly filed state post-conviction action. § 2244(d)(2).

Judgment in Petitioner's 2009 criminal case was entered on January 19, 2009, when he was sentenced. On January 4, 2011, the North Carolina Court of Appeals denied Petitioner's direct appeal. Ross, No. COA l0-354, 2011 N.C. App. LEXIS 118. He then had thirty-five days, up to and including February 8, 2011, to file a petition for discretionary review ("PDR") in the North Carolina Supreme Court. See N.C. R. App. P. 15(b) ("A petition for review following determination by the Court of Appeals shall be . . . filed and served within fifteen days after the mandate of the Court of Appeals has been issued to the trial tribunal."); N.C. R. App. P. 32(b) ("Unless a court orders otherwise, its clerk shall enter judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk."). Because he did not file a PDR, Petitioner's conviction became final on February 8, 2011, when the time for seeking such review expired. See § 2244(d)(1)(A); Gonzalez v. Thaler, 132 S.Ct. 641, 656 (2012) ("We hold that, for a state prisoner who does not seek review in a State's highest court,

---

[4] There are three exceptions to this starting date, see § 2244(d)(1)(B)-(D), none of which applies here.

3

the judgment becomes 'final' on the date that the time for seeking such review expires.").

The federal statute of limitations then ran for 365 days until it fully expired on or about February 8, 2012, almost four years before Petitioner filed the instant § 2254 habeas Petition. Thus, absent equitable tolling, Petitioner's habeas petition is time-barred. See id.

Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

Although he was given an opportunity to do so, Petitioner did not address Respondent's assertion that the Petition was untimely. Instead, he responded only to Respondent's Lakawana and exhaustion arguments. (Pet'r's Resp., 1:16cv29, Doc. No. 8.) Therefore, there is nothing on which to base a finding that equitable tolling is appropriate in this case.

Finally, in light of its determination that the Petition is time-barred, the Court finds it unnecessary to address the Lakawana and exhaustion defenses raised in the Motion to Dismiss. The Motion to Dismiss shall be granted and the Petition shall be dismissed as untimely.

**IT IS, THEREFORE, ORDERED** that:

1) Respondent's Motion to Dismiss (1:16cv29, Doc. No. 5) is **GRANTED;**
2) The Petition for Writ of Habeas Corpus (1:16cv29, Doc. No. 1) is **DISMISSED**

4

as untimely; and

3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: November 15, 2016

Frank D. Whitney
Chief United States District Judge